[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10286
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00309-LMM-CMS-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESUS ANDRADE-PEREZ,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 3, 2018)

Before WILSON, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jesus Andrade-Perez appeals his 19-month, below-guidelines sentence, which the district court imposed after he pled guilty to a single count of illegal re-entry into the United States after previously having been deported.  For the reasons set forth below, we affirm.

## I.

In 2004, Andrade-Perez was arrested for trafficking methamphetamine and distribution of methamphetamine.  He pled guilty to both charges in 2006 and was sentenced to a term of imprisonment.  After he served part of that term, Andrade-Perez was granted parole and transferred to Immigration and Customs Enforcement ("ICE") custody.  He was deported from the United States to Mexico in 2012.  Following his deportation, Andrade-Perez reentered the United States to pursue better opportunities.  He worked in construction from 2013 to 2017 to support his girlfriend and U.S. citizen son in Georgia and his ailing parents in Mexico.  After he was arrested for traffic violations in 2017, he was transferred to ICE custody.  He was indicted and pled guilty to one count of illegal entry of a previously deported alien in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

The presentence investigation report ("PSI") applied a base offense level of eight for unlawfully entering the United States, pursuant to U.S.S.G. § 2L1.2(a).  The PSI applied a ten-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(2)(A) because of his 12-year-old methamphetamine conviction.  The PSI credited

Andrade-Perez with a three-level reduction for acceptance of responsibility, thus his total offense level was 15. Andrade-Perez's criminal history score was enhanced by two points because he committed the offense while under supervision for his methamphetamine conviction, making his criminal history category III. Based on a total offense level of 15 and a criminal history category of III, Andrade-Perez's guideline range was 24 to 30 months of imprisonment. The statutory maximum was 20 years. At sentencing, Andrade-Perez did not object to the PSI. The district court imposed a sentence below the applicable guidelines range at 19 months.

## II.

We review the reasonableness of a sentence under a deferential abuse of discretion standard, considering the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 41 (2007). We will vacate a sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

A district court imposes a substantively unreasonable sentence when "it (1) fails to afford consideration to relevant factors that were due significant weight, (2)

gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1189-1190 (internal quotation marks omitted). A district court commits a clear error of judgment when it "considers the proper factors but balances them unreasonably" and imposes a sentence that "does not achieve the purposes of sentencing as stated in § 3553(a)." *Id.* at 1189 (internal quotation marks omitted).

## III.

Andrade-Perez argues that his sentence was substantively unreasonable because the district court improperly focused on his prior felony conviction. As we explain below, we disagree. The party challenging a sentence bears the burden of proving the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Although we do not automatically presume a within-guidelines sentence to be reasonable, ordinarily we expect it to be. *United States v. Asante*, 782 F.3d 639, 648 (11th Cir. 2015). That a sentence falls at the low end of the guideline range and well below the statutory maximum are two indications of reasonableness. *See United States v. Cubero*, 754 F.3d 888, 898 (11th Cir. 2014). Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2)—the need to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment; deter criminal conduct; protect the public from the defendant's

4

future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment.  18 U.S.C. § 3553(a)(2).  The court must also consider the nature and circumstances of the offense; the history and characteristics of the defendant; the kinds of sentences available; the applicable guidelines range; the pertinent policy statements of the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).

The district court did not abuse its discretion because it evaluated all of the § 3553(a) factors.  The district explained that it granted a downward departure because Andrade-Perez appeared to have "turn[ed] [his] life around"  and accepted responsibility for his actions.  Doc. 25 at 12.[1]  It noted that Andrade-Perez had "been working hard to support [his family]," and that he was "a good partner . . . a good father, and . . . a good son."  *Id.*  The district court further noted that this was his first offense of illegal re-entry.  It also noted, however, that illegal re-entry is a serious offense and commented on the need to deter Andrade-Perez and others.

We disagree with Andrade-Perez that the district court abused its discretion by focusing "on the seriousness of [Andrade-Perez's] one prior felony conviction," which was 12 years old at the time of sentencing.  Appellant's Br. at 7.  The district court has the discretion to weigh the § 3353(a) factors as it sees fit.  *See*

---

[1] Citations to "Doc. #" refer to the district court docket in this case.

*United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (explaining that generally the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court).  And as the court explicity stated, it evaluated all of the § 3553(a) factors, and it concluded that a sentence of 19 months was appropriate.  In particular, in varying downward, the court took into account the age of Andrade-Perez's prior conviction and his behavior since then.  Andrade-Perez has not met his burden to show that the district court abused its discretion.  *Tome*, 611 F.3d at 1378.  We therefore affirm the sentence the district court imposed.

**AFFIRMED.**